J-S40025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
                        :
              v.                   :
                        :
                        :
ODELL QUARN CANNON,         :
                        :
            Appellant         :   No. 896 EDA 2016

Appeal from the PCRA Order September 25, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0003756-2006

BEFORE: OTT, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:            **FILED DECEMBER 04, 2017**

Appellant, Odell Quarn Cannon, appeals from the September 25, 2014 Order entered in the Chester County Court of Common Pleas dismissing his first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.[1]

We adopt the factual and procedural history as set forth by the trial court. **See** Trial Court Supplemental Opinion, 1/30/17, at 1-3. However, for purposes of the appeal, we note the following relevant facts. On May 22, 2010, a jury convicted Appellant of Third-Degree Murder and Criminal

_____

[*] Former Justice specially assigned to the Superior Court.

[1] For reasons discussed **infra**, we deny Appellant's Motion for Judicial Notice filed April 19, 2017.

Conspiracy to Commit Aggravated Assault[2] related to the 2006 shooting and murder of Brian Keith Brown committed by Terry Gardner at Appellant's behest in retaliation for another shooting. On July 7, 2010, the trial court imposed a term of 25 to 50 years' incarceration.

Appellant filed a timely direct appeal challenging the sufficiency of the evidence and raising one evidentiary claim, and this Court affirmed. ***Commonwealth v. Cannon***, No. 2095 EDA 2010 (Pa. Super. filed October 26, 2011) (unpublished memorandum). Appellant did not seek review by the Pennsylvania Supreme Court. Appellant's Judgment of Sentence, therefore, became final on November 25, 2011. ***See*** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113.

On May 8, 2012, Appellant filed a timely *pro se* PCRA Petition. The PCRA court appointed PCRA counsel, who filed an Amended PCRA Petition on December 24, 2012.[3] On March 12, 2013, the PCRA court filed a notice of its intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907. PCRA counsel filed a formal response highlighting three of Appellant's issues. The court then scheduled a hearing for January 6, 2014.

_____

[2] 18 Pa.C.S. § 2502 and 18 Pa.C.S. § 903, respectively.

[3] Throughout these PCRA proceedings, numerous attorneys entered and withdrew their appearances for various reasons. When necessary, we refer to all attorneys representing Appellant in these PCRA proceedings as "PCRA counsel."

On August 18, 2014, the PCRA court held an evidentiary hearing limited to two of Appellant's issues: (1) whether trial counsel had a conflict of interest; and (2) whether trial counsel was ineffective for failing to interview or call Edgar Barber as a witness. *See* Trial Court Opinion, 1/30/17, at 2 n.1.

During the hearing, while a witness was testifying, Appellant interrupted the witness with his own questions. When the court refused to entertain Appellant's questions, Appellant asked to represent himself *pro se*.

The PCRA court denied Appellant's request.[4] The evidentiary hearing proceeded, at which Appellant's trial counsel Thomas Burke testified, as well as Edgar Barber, Appellant, and Appellant's father Gilbert Cannon.

The PCRA court dismissed Appellant's PCRA Petition on September 25, 2014. Appellant timely appealed.[5]

---

[4] Unbeknownst to the PCRA court, Appellant had mailed a *pro se* letter dated August 13, 2014, requesting permission to proceed *pro se*. Appellant's letter was not formally filed until August 25, 2014, several days after the PCRA evidentiary hearing had concluded. The PCRA court had not received this letter from the clerk of courts at the time of the hearing, and Appellant did not inform the PCRA court of this letter at any time during the evidentiary hearing.

[5] Appellant had previously filed a *pro se* appeal from the PCRA court's denial of his request for permission to proceed *pro se*, which this Court quashed as a legal nullity on October 20, 2015, because Appellant was represented by counsel and counsel had not filed a Notice of Appeal on Appellant's behalf. *Commonwealth v. Cannon*, No. 2642 EDA 2014 (Pa. Super. filed October 20, 2015) (unpublished memorandum).

On June 22, 2016, this Court remanded this case for the PCRA court to conduct a hearing in accordance with **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), and Pa.R.Crim.P. 121 in light of Appellant's numerous *pro se* filings. On August 16, 2016, the PCRA court conducted a **Grazier** hearing and permitted Appellant to proceed on appeal *pro se*. Subsequently, both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents seven issues for our review:

[1.] Whether the trial court abused its discretion by summarily denying [Appellant's] request to conduct his PCRA evidentiary hearing [*pro se]*?

[2.] Whether trial counsel was ineffective for failing to have admitted the exculpatory testimony and evidence of Steve Pittman and Rachelle Pinder, where counsel promised such evidence to the jury during opening argument, and such evidence, credited by [Appellant's] jury, possessing a reasonable [probability] of affecting the outcome of [Appellant's] trial process?

[3.] Whether appellate counsel was ineffective for failing to appeal the trial court's decision to deny admission of the testimony and evidence of Steve Pittman and Rachelle Pinder regarding exculpatory statements and evidence provided them by Terry [G]ardner?

[4.] Whether trial counsel was ineffective for failing to investigate and present the exculpatory evidence and testimony of Terry Gardner, Kahil Raison and Edgar Barber?

[5.] Whether trial counsel labored under an unconstitutional conflict of interest by simultaneously representing [Appellant] and Edgar Barber, w[h]ere Barber, a federally charged defendant, was simultaneously represented by [Appellant's] attorney and actively engaging in proffer sessions-attended by Commonwealth of Pennsylvania and federal officials-involving into, and answered questions, about [Appellant's] guilt in the instant case?

[6.] Whether the trial [c]ourt abused its discretion by failing to expand the evidentiary hearing on [Appellant's] PCRA petition to include inquiry into [Appellant's] claim that trial counsel failed to investigate and present exculpatory evidence and witnesses revealed by [Appellant], and such evidence and testimony, credited by [Appellant's] jury possessing a reasonable probability of affecting the outcome of his trial process?

[7.] Wh[e]ther the trial court abused its discretion by failing to address [Appellant's] PCRA claim that trial and appellate counsel were ineffective for failing to detect and object to the inaccurate prior history score awarded, where such inaccuracy affected the range of punishment imposed?

Appellant's Brief at ix (reordered for ease of disposition).

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

**Appellant's Belated Request for Permission to Proceed *Pro Se***

In his first issue, Appellant argues that the PCRA court erred in denying his oral request to represent himself during the evidentiary hearing. Appellant's Brief at 16-17. We disagree.

"A criminal defendant's right to counsel under the Sixth Amendment includes the concomitant right to waive counsel's assistance and proceed to represent oneself at criminal proceedings." ***Commonwealth v. El***, 977 A.2d 1158, 1162 (Pa. 2009) (citations omitted). "The right to waive counsel's assistance and continue *pro se* is not automatic however." ***Id.*** at 1163. "Rather, only timely and clear requests trigger an inquiry into whether the right is being asserted knowingly and voluntarily." ***Id.*** (citing ***Faretta v. California***, 422 U.S. 806, 836 (1975)).

"In Pennsylvania, Rule of Criminal Procedure 121 sets out a framework for inquiry into a defendant's request for self-representation." ***El, supra*** at 1162 (citation omitted). "[T]he law is well established that in order to invoke the right of self-representation, the request to proceed *pro se* must be made timely and not for purposes of delay and must be clear and unequivocal." ***Id.*** at 1163. Such a determination is within the sound discretion of the trial court and will not be disturbed by this Court absent an abuse of that discretion. ***Id.*** at 1165.

Instantly, we discern no error on the part of the PCRA court in denying Appellant's oral request to represent himself made in the midst of the

evidentiary hearing. The PCRA court first scheduled the evidentiary hearing on January 6, 2014. After several continuances, the court held the hearing on August 18, 2014. Although the PCRA court learned after the hearing that Appellant had mailed a *pro se* letter to the court dated August 13, 2014, requesting that he be allowed to proceed *pro se*, Appellant did not inform the court or counsel that he had sent this letter. Rather, it was only after interrupting a testifying witness with his own questions that Appellant asked to represent himself. The PCRA court denied the request as untimely and found that Appellant's request was made for purposes of delay and confusion. **See** Trial Ct. Supp. Op, dated 1/30/17, at 5. We conclude that the court properly exercised its discretion in denying Appellant's untimely request.

**Ineffectiveness of Trial Counsel and Appellate Counsel: Failing to Admit Evidence**

Appellant next avers that his trial counsel was ineffective for making unsuccessful arguments. Specifically, he claims counsel should have been able to persuade the trial court to allow Steven Pittman to testify that Gardner told him on the porch after the shooting that he shot Brown in retaliation for Brown having shot someone.[6] Appellant's Brief at 18-28.[7]

_____

[6] Appellant makes a similar challenge related to Rachelle Pinder, who purportedly also heard Gardner's statements on a porch after the shooting. The trial court did not address this issue in its Rule 1925(a) Opinion because
*(Footnote Continued Next Page)*

- 7 -

Appellant also avers that appellate counsel was ineffective for failing to challenge the trial court's decision to preclude the statement. *Id.* at 28-30.

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. *Id*. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. *Commonwealth v. Jones*, 811 A.2d 994, 1002 (Pa. 2002).

"If a petitioner cannot prove that trial counsel was ineffective, then petitioner's derivative claim of appellate counsel ineffectiveness must also fail[.]" *Commonwealth v. Hutchinson*, 25 A.3d 277, 286 (Pa. 2011).

*(Footnote Continued)* —————

Appellant failed to present this argument to the PCRA court. We similarly conclude that Appellant has, thus, waived this aspect of his claim. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

[7] We note that Appellant's trial counsel did attempt to admit this evidence at trial. Appellant only challenges the specific arguments counsel made in support of the admission of that evidence.

Appellant's underlying ineffectiveness claim involves the consideration of our Rules of Evidence and hearsay statements. Hearsay is an out-of-court statement offered for the truth of the matter asserted. Pa.R.E. 801(c). It is generally inadmissible unless it falls within one of the exceptions to the hearsay rule delineated in the Rules of Evidence. **Commonwealth v. Busanet**, 54 A.3d 35, 68 (Pa. 2012).

Pennsylvania Rule of Evidence 804(b)(3) provides, in relevant part, as follows:

> **(b) The Exceptions.** The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> \* \* \*
>
> (3) *Statement Against Interest*. A statement that:
>
> > (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
> >
> > (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Pa.R.E. 804(b)(3). **See also** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 804.40[2]-[6] (2017 ed. LexisNexis Matthew Bender).

In determining whether the corroborating circumstances clearly indicate a statement's trustworthiness, courts consider: (1) the declarant's

pending charges and upcoming trial for the same murder; (2) the relationship between the declarant and the defendant; and (3) the declarant's subsequent inconsistent statements recanting the original statement. *See Commonwealth v. Hall*, 867 A.2d 619, 631-32 (Pa. Super. 2005).

In the instant case, the PCRA court clarified that Appellant had not sought to admit Gardner's statement to prove that Gardner shot Brown as that fact was essentially uncontested and there had been other evidence presented throughout trial that Gardner had shot Brown. Rather, the court concluded that Appellant had sought to use this statement to demonstrate Gardner's motive for shooting Brown, *i.e.*, in retaliation for Brown shooting someone else.

However, Appellant failed to demonstrate that Gardner's statement heard by Pittman was supported by corroborating circumstances that clearly indicated its trustworthiness. Gardner was awaiting his capital murder trial for shooting Brown as part of the same incident for which Appellant was on trial. Appellant was charged, and later convicted, as Gardner's accomplice and co-conspirator. This demonstrated a close relationship between Appellant and the declarant that served to undermine the reliability of the

statement.[8]  In light of these relevant factors apparent from the record, Appellant failed to prove "corroborating circumstances that clearly indicated [the statement's] trustworthiness[.]"  The statement was, thus, inadmissible under Pa.R.E. 804(b)(3).

Because Pittman's testimony about Gardner's statement would not have been admissible at trial, Appellant has failed to prove the first prong of the ineffectiveness test, *i.e.*, that the claim has arguable merit.  Counsel cannot be found ineffective for failing to pursue a meritless claim.  Thus, Appellant's claim regarding trial and appellate counsel fails.[9]

**Ineffectiveness of Trial Counsel: Failing to Investigate Witnesses**

Appellant next avers that his trial counsel was ineffective for failing to investigate and call two witnesses at trial: Edgar Barber, Appellant's friend

---

[8] Recognizing several deficiencies in his argument to the PCRA court, in his Brief Appellant sets forth numerous facts related to Gardner's statement that Pittman overheard.  Appellant's Brief at 21-23.  Appellant does not direct this Court to where in the record these facts or averments are supported. To the extent Appellant seeks to bolster his argument with new facts that are wholly unsupported and not included in the certified record, this is improper and we will not consider them. *See Commonwealth v. McBride*, 957 A.2d 752, 757 (Pa. Super. 2008) ("It is of course fundamental that matters attached to or contained in briefs are not evidence and cannot be considered part of the record ... on appeal.").

[9] We reject Appellant's attempt to expand the scope of his argument on appeal by citing numerous alternative Pennsylvania Rules of Evidence that he now believes might apply.  *See* Appellant's Brief at 23-26.  Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").  We note, moreover, that Pittman's testimony about Gardner's hearsay statement is inadmissible under these various rules as well.

and a federal inmate who would have purportedly provided testimony favorable to Appellant;[10] and Terry Gardner, the shooter. Appellant's Brief at 30-31.[11] Appellant claims that these two witnesses would have provided testimony contradicting other evidence about a phone call that Appellant had made to Gardner directing Gardner to kill the victim. *Id.*

To obtain relief on a claim that counsel was ineffective for failing to call a potential witness, the PCRA petitioner must establish that:

(1) the witness existed;

(2) the witness was available to testify for the defense;

(3) counsel knew of, or should have known of, the existence of the witness;

(4) the witness was willing to testify for the defense; and

(5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

_____

[10] Barber allegedly would have testified in "the federal prison greens" and provided testimony favorable to Appellant on a relatively minor point contradicted by other witnesses, *i.e.*, whether Appellant was present on Barber's porch while making an inculpatory phone call after the shooting. N.T., 8/18/14, at 16-17.

[11] Although raised in his appellate brief, the trial court's Rule 1925(a) Opinion did not address this claim as it pertains to Kahil Raison because Appellant failed to raise this issue previously with the PCRA court. We note that Appellant's claim is woefully underdeveloped in his Brief, consisting mostly of averments about other witnesses and only one sentence devoted to Raison. Based on these defects, Appellant has waived his ineffectiveness claim with regard to Raison. Pa.R.A.P. 302(a); Pa.R.A.P. 2119; *Commonwealth v. Perez*, 93 A.3d 829, 838 (Pa. 2014) (appellant waived claims that "fail to contain developed argument or citation to supporting authorities and the record[.]").

***Commonwealth v. Washington****, 927 A.2d 586, 599 (Pa. 2007).*

Regarding Edgar Barber, Appellant's trial counsel testified at the evidentiary hearing and described the many reasons he chose not to call Barber as a witness at trial. N.T., 8/18/14, at 16-22. Trial counsel testified that the Commonwealth had relied on testimony from several incarcerated co-conspirators with lengthy criminal records who had had their own motives to kill the victim. ***Id.*** at 16. Because defense counsel had anticipated that Appellant's own criminal record would not be presented to the jury, counsel had hoped to show that these criminal witnesses were wrongfully accusing Appellant to curry favor with prosecutors in order to "to save their own skin[.]" ***Id.*** Further, counsel stated that he had wanted to minimize all connections between Appellant and other individuals convicted of or involved in criminal activity, including the co-conspirators in the victim's murder. ***Id.*** at 15-17.

Significantly, counsel testified regarding his lengthy discussions with Appellant about discovery, witnesses, and trial strategy that occurred two or three times each week over the course of several weeks, lasting five to seven hours at a time. ***Id.*** at 15. Counsel testified that Appellant agreed that they should not call Barber as a witness because "the benefits [of calling Barber] did not outweigh the costs[.]" ***Id.*** at 17. The PCRA court found counsel's testimony to be credible.

Based on our review of the record, Appellant has failed to satisfy the second prong of the ineffectiveness test, *i.e.*, that counsel had "no reasonable basis" not to call Edgar Barber. Counsel's chosen course, to which Appellant had agreed, was designed to effectuate his client's interests and was grounded in sound trial strategy. As a result, Appellant is not entitled to any relief on this claim.

Appellant also claims that his counsel failed to investigate or call Terry Gardner, the "undisputed shooter" in this case. Appellant's Brief at 18. Appellant summarily claims that Gardner's testimony would have contradicted testimony from another witness at trial. *Id.*

In presenting this claim to the PCRA court, Appellant incredibly asserted that, had counsel called Gardner at trial, Gardner would have taken the witness stand, against the advice of his own counsel, confessed to Brown's murder, and testified that Appellant had no involvement in the murder at all. Trial Court Opinion at 10-11.

At trial, Appellant's counsel admitted that Gardner was unavailable to testify because Gardner was awaiting his capital trial for the same murder.[12] N.T. Trial, 5/20/10, at 186-89. Appellant even brought in Gardner's counsel,

_____

[12] At the time, Appellant was attempting to admit Gardner's hearsay statements through testimony from another witness, which required Gardner's unavailability in order to meet the requirements of the relevant hearsay exception. In order to do so, the trial court required Gardner's attorney to appear and confirm that Gardner would invoke his Fifth Amendment rights pursuant to his advice.

Attorney Michael Noone, to confirm that Gardner would invoke his Fifth Amendment rights if called to testify. *Id.* at 208-10.

Appellant's unsupported averments directly contradict the certified record and he has failed to demonstrate that Gardner was available and willing to testify for the defense. *See Washington, supra* at 599. Thus, Appellant's claim lacks arguable merit, and counsel cannot be found ineffective with respect to this claim.

**Ineffectiveness of Trial Counsel: Conflict of Interest**

Next, Appellant contends that he was denied the effective assistance of counsel because trial counsel had previously represented Edgar Barber and, thus, labored under irreconcilable and actual conflicts of interest that adversely affected counsel's performance. Appellant's Brief at 30-34.

An actual conflict of interest exists "when, during the course of counsel's representation, the clients' interests diverge with respect to a material factual or legal issue or to a course of action." *Commonwealth v. Tharp*, 101 A.3d 736, 754 (Pa. 2014) (citations omitted). "While it is true that prejudice is presumed when counsel is burdened by an actual conflict of interest, this is so only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Id.* (citations omitted). An attorney's representation of a client "is not perpetual through the expiration of the client's entire sentence." *Id.* (citations omitted).

This issue has no merit. Appellant has failed to show how trial counsel's previous representation of Barber in an unrelated matter adversely affected trial counsel's representation of Appellant in the present matter. Counsel testified at the PCRA hearing that he had completely informed Appellant of his prior representation and Appellant was aware that it had been in a matter entirely unrelated to Appellant's case. Trial Court Opinion at 10. **See also** N.T., 8/18/14, at 19.

Appellant claims that counsel's ambiguous testimony about dates precluded "an absolute determination that the representations did not overlap[.]" Appellant's Brief at 32-33. The PCRA court specifically "credited the testimony of [trial counsel] provided at the evidentiary hearing and discredited that of [Appellant]." Trial Court Opinion at 9. Appellant has provided absolutely no reason for this Court to disturb the PCRA court's credibility determinations.[13]

Additionally, the record shows that trial counsel zealously advocated on behalf of Appellant. Other than the bald assertions that Appellant

_____

[13] On April 19, 2017, Appellant filed a "Motion for Judicial Notice" requesting that this Court take judicial notice that counsel represented Barber and Appellant at the same time. We deny that Motion. In Support, Appellant provides the docket of his underlying criminal case and a federal docket purporting to be Barber's case. This Motion should have been presented to the PCRA court. This is not a fact-finding court. Moreover, no court will take judicial notice of a fact that is in dispute. **See** Pa.R.E. 201 ("The court may judicially notice a fact that is **not subject to reasonable dispute**…") (emphasis added); **see also** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence § 201.09 *et seq*. (2017 ed. LexisNexis Matthew Bender).

presents in his Brief to this Court, he has offered no evidence to suggest that trial counsel's alleged conflict of interest adversely affected his performance in any way. Most significantly, as discussed **supra**, Appellant fully agreed with counsel's strategy not to call Barber as a witness at trial. **See also** N.T., 8/18/14, at 16-22. Thus, the PCRA court did not abuse its discretion in concluding that Appellant failed to demonstrate a conflict of interest.

Accordingly, because the underlying claim of conflict is without merit, Appellant's claim of ineffective assistance of counsel fails.

**Appellant's Request to Expand the Scope of the PCRA Evidentiary Hearing**

In his next issue, Appellant avers that the PCRA court abused its discretion by refusing to expand the scope of his evidentiary hearing to include trial counsel's purported failure to investigate and present two exculpatory witnesses, Kahil Raison and Terry Gardner. Appellant's Brief at 17-18.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (citation omitted). "With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601,

617 (Pa. 2015). "A PCRA court does not abuse its discretion merely by dismissing some claims without a hearing and conducting an evidentiary hearing on other claims." **Commonwealth v. Watkins**, 108 A.3d 692, 726 (Pa. 2014) (citation omitted).

First, we note that Appellant failed to include any reference to Kahil Raison in his Pa.R.A.P. 1925(b) Statement of Errors. The trial court's Rule 1925(a) Opinion, thus, did not address the substance of this claim regarding Kahil Raison.[14] As a result, we conclude that Appellant waived this aspect of his ineffectiveness claim with respect to Kahil Raison. Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii).

With respect to Appellant's claim that his counsel failed to investigate Terry Gardner, we have previously addressed and rejected the substance of this claim on the basis that it lacked arguable merit. The certified record shows that Gardner (1) would have invoked his Fifth Amendment right, and (2) was unavailable to testify at trial because he was awaiting his capital trial for the same murder. N.T. Trial, 5/20/10, at 186-89, 208-10. **See** discussion, **supra**. Thus, the trial court did not abuse its discretion in

---

[14] The PCRA court stated "this issue is too vague[,]" and "it is unclear which exculpatory evidence [Appellant] believes trial counsel was ineffective for failing to investigate, whether trial counsel had a reasonable trial strategy for the alleged omission[,] or why this evidence would have reasonably resulted in a verdict favorable to [Appellant]." Trial Court Opinion at 6.

refusing to entertain this claim at Appellant's evidentiary hearing, and Appellant's claim merits no relief.

**PCRA Court's Failure to Address Ineffectiveness Claim Regarding Sentencing**

In his final claim, Appellant contends that the PCRA court abused its discretion in failing to address in its Rule 1925(a) Opinion his claim that trial counsel was ineffective for failing to detect a problem with his sentence. Appellant's Brief at 34-35.

The Pennsylvania Rules of Appellate Procedure set forth the strict periods in which appellants must file a concise statement errors complained of on appeal with the trial court to facilitate the timely preparation of a formal opinion. *See* Pa.R.A.P. 1925(b)(2). "[I]n order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." *Commonwealth v. Hill*, 16 A.3d 484, 492 (Pa. 2011). "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." This Court has no "discretion to countenance deviations from the Rule's bright-line nature." *Id.*

To preserve issues raised in what otherwise would be considered an untimely Rule 1925(b) statement, an appellant must file a petition requesting permission from the trial court to file a supplemental statement. The petition must set "forth good cause for an extension of a specific amount of time in which to file the statement," and the petitioner must "obtain an

order granting the request for the extension before the issues raised in an untimely 1925(b) statement will be preserved for appeal to this Court." *Commonwealth v. Woods*, 909 A.2d 372, 378 (Pa. Super. 2006). *See also Commonwealth v. Jackson*, 900 A.2d 936, 939 (Pa. Super. 2006) (*en banc*) (holding that untimely supplemental statements, filed without leave of court, did not preserve those issues for appeal).

On December 6, 2016, this Court remanded this case to the PCRA court for a period of 60 days, directing Appellant to file a Pa.R.A.P. 1925(b) Statement within 21 days, *i.e.* by December 27, 2016, and the PCRA court to file a Rule 1925(a) Opinion within 30 days of receiving Appellant's Statement of Errors. Appellant complied, and filed his Rule 1925(b) Statement on December 20, 2016. However, Appellant did not include this particular ineffectiveness claim in his Rule 1925(b) Statement of Errors. On January 12, 2017, Appellant filed a Supplemental Rule 1925(b) Statement of Errors. It was not until January 20, 2017, that Appellant filed a Motion for leave to file his Supplemental Rule 1925(b) Statement of Errors.

The PCRA court filed its Rule 1925(a) Opinion on January 30, 2017, but did not address this issue.

Appellant has not directed our attention to any court order granting him permission to file a Supplemental Rule 1925(b) Statement of Errors. Although Appellant complied with this Court's Order to file a timely Rule 1925(b) Statement of Errors, his Supplement was untimely and filed without

permission from this Court or the PCRA court. Appellant did not seek leave to file a Supplemental Rule 1925(b) Statement of Errors within the original 21-day period provided by this Court, and he did not attempt to demonstrate good cause for an extension explaining why he could not present this issue in his original Rule 1925(b) Statement of Errors. Accordingly, Appellant failed to preserve this ineffectiveness claim for our review. ***Woods***, ***supra*** at 378.

Order affirmed. Motion for Judicial Notice denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/4/2017